(No. 2612— )

The Equitable Life Assurance Society of the United States, a Corporation, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 15, 1936.*
*Rehearing denied May 12, 1936.*

Carl N. Weilepp, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Complainant herein alleges that on August 1, 1924 one Morgan S. Thurston and wife, Nellie U. Thurston, being then the owners of the real estate described in said complaint, containing One Hundred Seventeen and One-half (117½) Acres more or less in Macon County, Illinois, conveyed the said real estate by mortgage deed to the Dighton-Dilatush Loan Com-

pany to secure a note for Eleven Thousand Dollars ($11,000.00); said mortgage and note were thereafter on August 6, 1924 assigned to the claimant; that on June 7, 1928 said Morgan S. Thurston and Nellie U. Thurston, his wife, made a dedication of right-of-way for public road purposes in and by which they conveyed and dedicated to the people of the State of Illinois for the purpose of a public highway a portion of said real estate, described by metes and bounds and containing Three and Fifty-nine One-hundredths (3.59) Acres more or less; that the State of Illinois went upon said land and constructed a road over same known as S. B. I. Route No. 48 and that the State of Illinois is now using said Three and Fifty-nine Hundredths (3.59) Acres as a public highway; that thereafter Morgan S. Thurston and Nellie U. Thurston defaulted in payment of said mortgage note and claimant by virtue of its rights under the statute foreclosed said mortgage in the Circuit Court of Macon County, Illinois; that a sale was duly had thereunder at which claimant became the purchaser, and thereafter on October 30, 1934 received a deed from the Master-in-Chancery and by virtue thereof became and is the owner of said One Hundred Seventeen and One-half (117½) Acres as described in said mortgage including the land dedicated for highway purposes; that the State or its agents paid to Morgan S. Thurston and wife the sum of One Thousand Four Hundred Dollars ($1,400.00) for the dedication deed and that such dedication not having been made until June 7, 1928, claimant's rights are prior to and superior to those of the State of Illinois, as the mortgage deed by and through which claimant obtained title was dated August 9, 1924.

Claimant complains that all the rights held by Morgan S. Thurston and wife in said premises have ceased; that claimant holds title to said Three and Fifty-nine One-hundredths (3.59) Acres, and that the State of Illinois is using same for highway purposes contrary to the rights of claimant and without compensation to it and it herein seeks an award for One Thousand Four Hundred Dollars ($1,400.00) for the land occupied by said section of road.

It appears from the record that the foreclosure suit was regularly instituted and the sale of real estate thereunder made pursuant to statute. The real estate offered for sale was

that described in the mortgage without any reference to the dedication for highway purposes made subsequent to the mortgage and prior to said foreclosure. The State of Illinois was not made a party defendant in said foreclosure, due no doubt to the fact that under our constitutional provisions the State cannot be properly made a party defendant in such case. The record does not show that any notice was given to the holders of the mortgage of the fact that the State was taking a dedication from the owners for road purposes; no release was obtained from the holders of the existing mortgage at that time, and settlement for the land taken was made by payment to Morgan S. Thurston and wife of the full consideration of One Thousand Four Hundred Dollars ($1,400.00). Why a release was not obtained from mortgagees or its assignee does not appear.

The foreclosure sale resulted in a bid from claimant of Eleven Thousand Three Hundred Eighty Seven and 45/100 Dollars ($11,387.45), which was Eight Hundred Ten and 42/100 Dollars ($810.42) less than the full amount of the debt, interest and costs and a Deficiency Decree was rendered against Morgan S. Thurston and Nellie U. Thurston in favor of the holder of the mortgage for said sum of Eight Hundred Ten and 42/100 Dollars ($810.42.) A receiver was appointed and he thereafter paid the full amount of such deficiency.

The Attorney General contends on behalf of respondent that because the claimant herein received the full amount of his debt, interest and costs no further award of any kind could inure to him, for the reason that if any additional sum should come into his hands in connection with such mortgage transaction, such additional sum would belong to the original mortgagors, and that the latter having already been paid by the State could have no such claim for an additional payment.

Claimant contends that its claim for an award from the State is not based upon its rights as the mortgagee in said transaction, but that such right exists by reason of the fact that it stands as the purchaser of One Hundred Seventeen and One-half (117½) acres of land described in a mortgage on land on which no other lien existed at the time such mortgage deed was executed.

We do not believe that claimant is entitled to be regarded entirely in the light of an innocent third person as purchaser herein. The purchaser at a Judicial Sale is chargeable with notice of the facts disclosed by the record of the proceedings in the case which result in the judgment under which the sale is being held but is not bound to look beyond the decree or judgment where facts necessary to give jurisdiction appear on the face of the record.

As held in *Bybee* vs. *Ashby,* 2 Gilm, 151, "Although innocent purchasers will be protected where process is voidable only yet the same reasons of policy do not exist where a judgment creditor is the purchaser."

The rule that a purchaser at a judicial sale takes notice of the rights of those in actual possession of the land sold is particularly applicable to the claimant herein. "The rule of caveat emptor applies to judicial sales unless fraud or mistake has entered into the transaction whereby the purchaser has been deceived and induced to make the purchase." (*Meinshausen* vs. *Hannah,* 219 A. 278.)

After Thurston, the owner of the real estate here involved, had executed and delivered his mortgage thereon, he remained in full possession of the One Hundred Seventeen and One-half (117½) Acres and retained all legal rights thereto except to have the same applied by sale to the payment of the indebtedness secured by said mortgage; and except for the mortgagee's right to receive payment in full for the indebtedness secured by such mortgage, Thurston had a right to create the road easement.

If claimant desires to be considered herein as purchaser, as distinguished from its position as mortgagee, then the rules applicable to a disinterested purchaser would apply. In *Rock Island and Peoria Ry. Co.* vs. *Dimick,* No. 144-628, plaintiff sought to enjoin the closing of two cattle-ways under appellant's railroad. Plaintiff claimed to have originally had a written contract from the Peoria and Rock Island Railroad Co. granting to him the use of said passage-ways, but such contract was disputed and was not an evidence. However, plaintiff had maintained the passage-ways in an open, visible and apparent manner for many years. Defendant railroad had acquired title to the right-of-way fran-

chise and property of the Peoria and Rock Island Railroad Co. by purchase at foreclosure sale and denied that the passage-ways were left by virtue of any contract but existed for the purpose of permitting drainage, and averred that its purchase at said foreclosure sale was made in good faith and for value without notice of the equities set up by plaintiff. The court said: "A purchaser—seeing the mode in which the land was fenced and the use of openings, etc.— would be put upon inquiry as to the rights and title by and under which they were so held—if the facts and circumstances apparent were sufficient to put defendant upon inquiry defendant is chargeable with notice of all that such inquiry would have shown." In a further quotation appearing in the same case, the court says: "The occupancy of the passageway by the plaintiff was sufficient to charge the defendant (the purchaser at judicial sale), with notice of the plaintiff's rights thereto arising from the agreement."

The claimant herein cannot claim that at the foreclosure sale it intentionally bought a claim against the State of Illinois in addition to whatever land the Master-in-Chancery was then and there able to convey under the decree of foreclosure. As held in the case of *Sands* vs. *Wacaser*, 149-530, "Possession by a railroad company of land is notice to a purchaser that the company was there under a claim of right, and he cannot claim as a bonafide purchaser where the slightest inquiry either of his grantor or of the railroad would have advised him of the extent and nature of that right, and that the possession was under an agreement for a deed."

We are of the opinion that the facts here shown constitute a legal defense to plaintiff's claim, and that the application for an award should be denied. The claim is therefore denied and dismissed.

## OPINION ON REHEARING.

*Per Curiam:*

The above cause now coming before the court upon claimant's petition for a rehearing and the court having duly considered said petition and examined the record herein, finds that there is nothing appearing in said petition or in a con-

sideration of the record in chief which causes the court to change or modify the views previously held in the original opinion heretofore filed in this cause, and the petition for a rehearing is therefore denied.